IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SUBPOENA:  )<br>)<br>Spartanburg Regional Healthcare System, )<br>on behalf of itself and others similarly )<br>situated, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Hillenbrand Industries, Inc., Hill-Rom, Inc. )<br>and Hill-Rom Company, Inc., )<br>)<br>Defendants ) | Misc. Case No. 1:05-mc-10324-RWZ<br>(Original Action Pending in the<br>District of South Carolina,<br>Case No. 7:03-2141-26) |

**CONSENT MOTION PURSUANT TO**
**LOCAL RULE 7.2 FOR LEAVE TO FILE PAPERS UNDER SEAL**

Plaintiff Spartanburg Regional Healthcare System ("Spartanburg") requests that Spartanburg be allowed, pursuant to Local Rule 7.2, to file a memorandum entitled "Memorandum in Opposition to Bain's Motion to Modify Third-Party Subpoena and in Support of Spartanburg's Cross-Motion to Compel Production under Foreign Subpoena" (the "Memorandum"), a Cross-Motion to Compel, exhibits, and related papers with this Court under seal. These papers are submitted herewith in a sealed envelope.

The Memorandum and Cross-Motion to Compel and related exhibits contain highly confidential information relevant to an antitrust litigation pending in the United District Court for the District of South Carolina. That case is captioned *Spartanburg Regional Healthcare System, on Behalf of Itself and Others Similarly Situated v. Hillenbrand Industries, Inc., Hill-Rom, Inc., and Hill-Rom Company, Inc.*, Civil Action No. 7:03-2141-26 (the "South Carolina Litigation").

Counsel for Bain & Company has consented to this motion.

A protective order for the South Carolina litigation was entered by United States Magistrate Judge Hendricks on August 9, 2004, and First Amendment to the Confidentiality Order was filed on January 27, 2005 ("Protective Order and First Amendment" attached as Exhibit A). Paragraph 7 of this Protective Order and First Amendment allows the parties to file confidential materials under seal. Therefore, Spartanburg merely requests leave to file under seal with this Court its Memorandum and Cross-Motion to Compel and any related papers pursuant to the Protective Order for the South Carolina litigation.

Spartanburg further requests that any impounding order entered by this Court be lifted on December 30, 2005. This date is calculated to allow enough time for this Court to enforce any of its orders relevant to the underlying South Carolina litigation. Spartanburg's local counsel, Lowrie, Lando & Anastasi, LLP, will take custody of the documents at the end of the impoundment period.

Therefore, Spartanburg respectfully requests this Court allow Spartanburg to file a memorandum entitled "Memorandum in Opposition to Bain's Motion to Modify Third-Party Subpoena and in Support of Spartanburg's Cross-Motion to Compel Production under Foreign Subpoena," a Cross-Motion to Compel, exhibits, and any related papers under seal.

                                          Respectfully Submitted,

                                          Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,

                                          By their attorneys,

Dated: September 9, 2005      By: _____
                                          Matthew B. Lowrie (BBO #563414)
                                          Aaron W. Moore (BBO #638076)
                                          Lowrie, Lando & Anastasi, LLP
                                          Riverfront Office Park
                                          One Main Street
                                          Eleventh Floor
                                          Cambridge, MA  02142
                                          (617) 395-7000 (phone)
                                          (617) 395-7070 (fax)

Of Counsel:

Todd M. Stenerson
Shari Fleishman Esfahani
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave NW
Washington, D.C.  20036
(202) 887-4000 (phone)
(202) 887-4288 (fax)

## LOCAL RULE 7.1(a)(2) CERTIFICATION

    I hereby certify that counsel for Spartenburg has conferred with opposing counsel and that opposing counsel has assented to this motion.

Dated:  September 9, 2005               _____
                                              Aaron W. Moore

FROM: USDC-SC  TO: 8-864-235-8900    PAGE: 1 OF 13    CONTROL: #266420    Mon Aug  9 15:49:19 EDT 2004



**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

OFFICE OF THE CLERK
1845 ASSEMBLY STREET
COLUMBIA, SOUTH CAROLINA 29201-2431
(803) 765-5816  FAX (803) 765-5960
08/09/04

LARRY W. PROPES
CLERK OF COURT

DIVISIONAL OFFICES

P. O. BOX 835
CHARLESTON, SC 29402
(843)579-1401 FAX 579-1402

P. O. BOX 10768
GREENVILLE, SC 29603
(864) 241-2700 FAX 241-2711

P. O. BOX 2317
FLORENCE, SC 29503
(843) 676-3820 FAX 676-3831

To:    J Theodore Gentry (aty)

Re:    Automated Faxing of Orders and Judgments

The following transmitted document of the U.S. District Court was entered in:

Case number:        7:03-cv-02141

Document number:    62

Number of pages including cover sheet:    13

If after three attempts this fax fails, then we will print this document and mail it to you. For questions concerning the faxed document, please call the Judge's docket clerk.

For questions regarding attorney information, the attorney fax number or if you believe you have received this document in error, please call Mary Louise Bishop at (864) 241-2704.

www.scd.uscourts.gov

PAGE 1/13 * RCVD AT 8/9/2004 4:05:50 PM [Eastern Daylight Time] * SVR:WBEXFX/3 * DNIS:8900 * CSID:803-765-5960 USDC  * DURATION (mm-ss):06-38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

FILED AUG 0 9 2004
LARRY W. PROPES, U.S. DISTRICT CLERK
ENTERED
AUG 09 2004

| | |
|---|---|
| Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc.,<br><br>Defendants. | C.A. No. 7:03-2141-26<br><br>CONSENT<br>CONFIDENTIALITY ORDER |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 9th day of August, 2004 ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery, including testimony and documents of non-parties (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation (Other than Testimony).** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated Confidential by the producing party or non-party prior to, or contemporaneously with, the production or disclosure of the documents, except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 4 below, and except that either party may designate as Confidential any document produced by a non-party within 30 days after that production. Inadvertent or unintentional production of

1

documents without prior designation as Confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as Confidential as otherwise allowed by this Order. Any document already produced or used in this litigation may be designated as Confidential retroactively.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as Confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as Confidential.

4. **Reading Room.** In order to facilitate timely disclosure of large numbers of documents which may contain Confidential documents, but which have not yet been reviewed and marked, the following "Reading Room" provisions may be utilized.

   a. Documents may be produced for review at a party's facility or other controlled location ("Reading Room"), prior to designation as Confidential. After review of these documents, the party seeking discovery may specify those for which further production is requested. The producing party shall then copy the requested documents for production. To the extent any of the requested documents warrant a Confidential designation, the copies shall be so marked prior to further production.

   b. Unless otherwise agreed or ordered, copies of Reading Room documents shall be

---

[1] The attorney who reviews the documents and certifies them to be Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

PAGE 3/13 * RCVD AT 8/9/2004 4:05:50 PM [Eastern Daylight Time] * SVR:WBEXFX/3 * DNIS:8900 * CSID:803-765-5960 USDC * DURATION (mm-ss):06-38

requested within twenty days of review in the Reading Room and shall be produced within thirty days after the request is made.

c.  The producing party shall maintain a log of persons who have reviewed documents in the Reading Room and the dates and time of their presence.

d.  The production of documents for review within the confines of a Reading Room shall not be deemed a waiver of any claim of confidentiality, so long as the reviewing parties are advised that the Reading Room production is pursuant to this provision and that the Reading Room may contain Confidential materials which have not yet been marked as Confidential.

e.  Until such time as further production is made of documents reviewed in a Reading Room, the reviewing party shall treat all material reviewed as if it was marked Confidential at the time reviewed. All documents not marked for further production shall continue to be regarded as Confidential.

5.  **Depositions.** Portions of depositions shall be deemed Confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Counsel for either party or for a testifying non-party shall have the right to exclude from a deposition any person not authorized to receive information designated as Confidential, but only for those portions of the deposition during which such information is being revealed or discussed.

6.  **Protection of Confidential Material.**

a.  **General Protections.** Documents designated Confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as Confidential to putative class members not

3

named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

b.  **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated Confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated Confidential pursuant to this Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order, including in-house counsel, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

4

(5) the Court and its staff, including its court reporters; and

(6) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order. Copies of Confidential information shall be maintained only in the offices of outside counsel for the parties and, to the extent supplied to outside experts pursuant to the terms of this Order, in the offices of such experts.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order. As used in this Order, the term copies shall include all Confidential documents that are made exhibits to depositions, expert reports, or court filings.

7. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such

5

other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

8. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

9. **Challenges to Designation as Confidential.** Any Confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

   a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

   b. A party who contends that documents designated Confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The parties shall use their best efforts to resolve the dispute informally within fifteen days of receipt of said written notice.

   c. If the dispute cannot be resolved informally, the party challenging the designation may request appropriate relief from the Court thereafter within thirty days after the expiration of the fifteen-day period for informal resolution (with the burden remaining on the designating party to prove the necessity of a designation as Confidential).

   d. Notwithstanding any challenge to the designation of documents as confidential, all

6

material previously designated Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    (1)    the party who claims that the documents are Confidential withdraws such designation in writing;

    (2)    the party who claims that the documents are not Confidential fails to move timely for a determination the documents are not Confidential as set forth in paragraph 9.c. above; or

    (3)    the court rules that the documents should no longer be designated as Confidential information.

e.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10.    **Treatment on Conclusion of Litigation.**

a.    **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated Confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.    **Return of Confidential Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as Confidential under this Order, including copies as defined above (¶ 6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated Confidential so long as that work product does not duplicate verbatim substantial

7

portions of the text of Confidential documents. This work product continues to be Confidential under the terms of this Order.

c. **Documents Filed under Seal.** The Clerk of Court may, at the conclusion of the litigation including conclusion of any appeal, return to counsel for the parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

11. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

8

IT IS SO ORDERED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

August __, 2004

Greenville, South Carolina

WE SO MOVE
and agree to abide by the
terms of this order

_____
Signature

John G. Felder, Jr.
Printed Name

Counsel for Plaintiff
August 3, 2004

WE SO MOVE/CONSENT
and agree to abide by the
terms of this order

_____
Signature

Frank S. Holleman III
Printed Name

Counsel for Defendants
August 5, 2004

9

ATTACHMENT A

CERTIFICATION BY COUNSEL OF DESIGNATION
OF INFORMATION AS CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc.,<br><br>Defendants. | C.A. No. 7:03-2141-26<br><br>CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL |

Documents produced herewith [whose bates numbers are listed below (or) which are listed on the attached index] have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____, 20__.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

☐   I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is _____.

☐   I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

_____        _____
Date                                                                  Signature of Counsel

                                                                                _____
                                                                                Printed Name of Counsel

10

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc.,<br><br>Defendants. | C.A. No. 7:03-2141-26<br><br>ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, 20__, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____
_____
_____

Date: _____    _____
                         Signature

11

ATTACHMENT C

CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc.,<br><br>Defendants. | C.A. No. 7:03-2141-26<br><br>CERTIFICATION OF COUNSEL OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

☐   A named party;

☐   An employee of named party _____. This employee's job title is _____ and work address is _____.

Date: _____        _____
                                    Signature

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

FILED

JAN 2005

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

Entered 1/26/05

C.A. No. 7:03-2141-26

Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,

Plaintiff,

vs.

Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc.,

Defendants.

FIRST AMENDMENT TO
CONSENT
CONFIDENTIALITY ORDER

The Consent Confidentiality Order entered in this case on August 9, 2004 (the "Confidentiality Order"), is hereby amended as follows, by adding the following paragraphs:

2.5. **Attorneys' Eyes Only Documents.** A non-party to this litigation may designate any documents it produces in connection with this litigation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by placing or affixing those words on the document in the manner prescribed by paragraph 2 of the Confidentiality Order, and pursuant to the terms of paragraphs 2 and 4 of the Confidentiality Order. A non-party may make such a designation with respect to any documents it believes in good faith to contain trade secrets, or confidential research, development, or commercial information, and as to which information the non-party has an interest in avoiding disclosure to one or both of the parties to this litigation.

6.  e. **Limitation on Disclosure of Confidential – Attorneys' Eyes Only Documents.** Counsel for the parties shall not disclose or permit the disclosure of any documents designated Confidential – Attorneys' Eyes Only under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B to the Confidentiality Order), that he or she has read and understands the terms of the Confidentiality Order

1

132

as amended and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated Confidential – Attorneys' Eyes Only pursuant to this Order:

    (1)    outside counsel and employees of outside counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

    (2)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (3)    consultants, investigators, or experts, and employees of such consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

    (4)    the Court and its staff, including its court reporters; and

    (5)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

In addition to the foregoing, all references in the Confidentiality Order to Confidential documents (including without limitation all protections afforded to Confidential documents and all procedures for the handling of Confidential documents, and challenges to designations as Confidential) shall be understood to refer both to Confidential Documents and to Confidential – Attorneys' Eyes Only Documents; provided, however, that Confidential – Attorneys' Eyes Only Documents may not be disclosed except as allowed in paragraph 6.e.

IT IS SO ORDERED.

                                                _/s/ Bruce H. Hendricks_
                                                BRUCE H. HENDRICKS
                                                UNITED STATES MAGISTRATE JUDGE

January ___, 2005

Greenville, South Carolina

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by the<br>terms of this order<br><br>_____<br>Signature<br><br>Bates N. Felder, Esq.<br>FELDER & MCGEE, LLP<br>P.O. Box 346<br>614 N.F.R. Huff Drive<br>St. Matthews, SC 29135<br>803-874-2010<br>803-655-7167 (Fax)<br><br>Counsel for Plaintiff | WE SO MOVE/CONSENT<br>and agree to abide by the<br>terms of this order<br><br>_____<br>Signature<br><br>J. Theodore Gentry<br>WYCHE, BURGESS, FREEMAN & PARHAM, P.A.<br>44 East Camperdown Way<br>P.O. Box 728<br>Greenville, SC 29602-0728<br>864-242-8270<br>864-235-8900 (Fax)<br><br>Counsel for Defendants |

3